# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TYRONE STALLINGS, <br><br> Petitioner, <br><br> v. <br><br> DAN CROMWELL, <br><br> Respondent. | Case No. 22-CV-161-JPS <br><br><br> **ORDER** |

On September 5, 2023, the Court dismissed Petitioner Tyrone Stallings's ("Petitioner") Fourth Amendment challenge to the validity of his state court conviction, finding that because he had a full and fair opportunity to litigate the claim before the state courts, the federal courts are barred by *Stone v. Powell*, 428 U.S. 465 (1976) from hearing the claim on a habeas petition. ECF No. 25 at 11–24. Currently before the Court is Petitioner's motion requesting that his case be stayed and held in abeyance while he presents a Fourth Amendment claim to the Wisconsin state court. ECF No. 26. Because the motion both lacks factual support and attempts to relitigate issues the Court has already decided, it will be denied.

Petitioner's motion is somewhat difficult to parse, but the Court understands it to allege the following facts and make the following arguments. He alleges that, during pretrial proceedings, his state trial counsel filed a *Miranda/Goodchild* motion[1] and therein also requested, or

---

[1] "At a *Miranda/Goodchild* hearing, the State must prove, by a preponderance of the evidence, that the defendant knowingly and intelligently waived his *Miranda* rights and gave his statements voluntarily." *Moore v. Hepp*, No.

alleged facts that supported a request for, a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). *Id.* at 1.² According to Petitioner, the state judge inappropriately denied the request for a *Franks* hearing that was couched within a *Miranda/Goodchild* motion. *Id.* ("Hon. Carolina M. Stark should have notice[d] that Attorney Bridget Krause filed information in a *Miranda Goodchild* motion[] that should have been put [in] a *Franks v. Delaware* motion an[d] should have mad[e] her go back and file the []right motion/case law."). In other words, Petitioner appears to argue that, because state trial counsel allegedly filed a *Franks* request under the guise of *Miranda/Goodchild*—a separate body of case law—he was denied a full and fair opportunity to litigate the merits of his Fourth Amendment claim. *Id.* at 3.

Because of this supposed error, Petitioner argues, this Court should "send [his] case back down to [the] [Wisconsin] circuit court to assure itself that the state court heard the claim, looked to the right body of case law[,] [a]nd rendered an intellectually honest decision." *Id.* at 2 (citing *Cabrera v. Hinsley*, 324 F.3d 527, 531 (7th Cir. 2003) and *Hampton v. Wyant*, 296 F.3d 560, 563–64 (7th Cir. 2002)). The remainder of Petitioner's motion rehashes some of the arguments he made in opposition to dismissal of his Fourth

---

15-CV-1245-BHL, 2022 WL 1569291, at *2 (E.D. Wis. May 18, 2022) (citing *State v. Jiles*, 663 N.W.2d 798, ¶ 26 (Wis. 2003)).

²Petitioner alleges that his state trial counsel filed the *Miranda/Goodchild* motion on August 14, 2014. ECF No. 26 at 1. This is incorrect. As explained in a recent order, state trial counsel filed a motion to suppress evidence "arguing that the search warrant application and the affidavit in support thereof were insufficiently detailed to support a finding of probable cause" on August 14, 2014, and a motion to suppress pursuant to *Miranda/Goodchild* in July 2015. ECF No. 25 at 6–7. However, the Court noted that, based on the record before it, it did not appear that Petitioner's state trial counsel had raised a *Franks* argument or hearing request in the August 14, 2014 motion to suppress. *Id.* at 7 n.3.

Amendment claim. *Id.* at 2 (arguing reasons why the affidavit in support of the search warrant was insufficient to support a finding of probable cause).

Petitioner has offered no evidence to support his asserted version of the factual record. Petitioner appears to have seized on the Court's uncertainty as to whether or when a *Franks* request was ever raised in the state trial court, *see* ECF No. 25 at 7 n.3 and 15 n.4, in order to argue that such a request *was* raised but was inappropriately handled. Such a contention finds no support in the record currently available to the Court through the Wisconsin Court of Appeals' written order, *State v. Stallings*, No. 2018AP982-CRNM, 2021 WL 8534196, at *1 (Wis. Ct. App. Apr. 13, 2021), and the state trial court docket, Milwaukee County Circuit Court Case No. 2014CF002164, *available at* https://wcca.wicourts.gov (last visited Sept. 19, 2023). Petitioner himself has not, until now, advanced this theory of how his *Franks* request was made but not honored.

Even accepting Petitioner's version of the facts as true, the Court again cannot conclude that he was denied a full and fair hearing on his Fourth Amendment claim. First, the state appellate court's ruling on the matter assures the Court that Petitioner had a full and fair opportunity to have his *Franks* claim addressed under the appropriate body of case law. Regardless of whether the *Franks* request was raised before the trial court within the *Miranda/Goodchild* motion, or at all,

> it is clear that Stallings put [the argument that the search warrant was illegal because it contained a false statement, thus necessitating a *Franks* hearing] before the state *appellate* court, and the appellate court considered [it]. The Court is therefore satisfied, for purposes of the present analysis, that [this] particular factual and legal [basis] for a Fourth Amendment claim w[as] presented to the state court. *See Monroe [v. Davis]*, 712 F.3d [1106,] 1115–16 [7th Cir. 2013]

> (finding petitioner had a full and fair opportunity to litigate his Fourth Amendment claim even where the trial court misapprehended certain relevant facts because "the appellate court's decision did not" misapprehend those facts and "because [the appellate court's] decision was the final decision of the [state] courts to reach the merits . . .[,] it is that decision which matters for purposes of federal habeas review") (citing *Harris v. Thompson*, 698 F.3d 609, 623 (7th Cir. 2012)).

ECF No. 25 at 20 n.7; *see also State v. Stallings*, 2021 WL 8534196, at *6–7 (considering and rejecting *Franks* claim). Second, the Court's prior conclusion that Petitioner has not shown that he was entitled to a *Franks* hearing at all still holds. *See* ECF No. 25 at 21–23. Neither allowing Petitioner to (re)litigate his Fourth Amendment claim (whether based on his supposed entitlement to a *Franks* hearing, or based on his arguments that the affidavit did not establish probable cause) in the state courts, nor allowing him to litigate it on federal habeas review, would change that conclusion. And in any event, the Court has already found that Petitioner exhausted his Fourth Amendment claim by presenting to the state courts, ECF No. 7 at 9, thus obviating the need for a stay. *Cf. Mitchell v. McCaughtry*, 291 F.Supp.2d 823, 834 (E.D. Wis. 2003) ("Where, as here, a petitioner presents colorable constitutional claims which have not yet been, but could be, presented to the state courts, a stay should be granted.").

Petitioner's motion must therefore be denied; his request that his federal habeas case be stayed to allow him to press his Fourth Amendment claim in the state court is rejected, as is his implied request for the Court to reconsider its prior findings that Petitioner already had a full and fair opportunity to do so. Petitioner should focus his attention on litigating the

two remaining grounds of his petition, abiding by the briefing schedule set forth in the Court's prior order, ECF No. 25.

Accordingly,

**IT IS ORDERED** that Petitioner Tyrone Stallings's motion for stay and abeyance, ECF No. 26, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 21st day of September, 2023.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge